IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:07CR127 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| STEVEN DWAYNE THOMAS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on its own motion following the initial sentencing hearing on July 30, 2007, which was continued to October 5, 2007.

The sentencing hearing was continued because a question arose as to whether the Defendant was required to object specifically to factual allegations in the PSR, and whether he admitted those facts by failing to object specifically to them.

The government cited two cases in support of its position that the Defendant admitted to the facts in the PSR by not objecting to them: *United States v. Okai,* 454 F.3d 848 (8th Cir.), *cert. denied,* 127 S. Ct. 697 (2006), and *United States v. Cullen,* 432 F.3d 903 (8th Cir. 2006). In *Okai,* the defendant raised general constitutional objections orally at sentencing to two enhancements, but failed to object to the supporting facts in the PSR. The Eighth Circuit reversed and remanded for resentencing, stating that the district court erred by not adopting the alleged facts in the PSR because the court, in error, believed them to be in dispute. *Okai,* 454 F.3d at 853. That case is of particular interest because it originated in this district with and involved the same attorneys involved in the instant case at the time of the initial sentencing hearing.[1] *Okai* is distinguishable from the instant case.

---

[1] Jennifer Gilg wrote the appellate brief in *Okai* and represented Mr. Thomas until recently and at the initial sentencing hearing on July 30, 2007. On September 20, 2007,

In *Okai,* defense counsel Carlos Monzon never filed any written objections to the PSR. The only objections to the PSR were raised orally at sentencing.[2] The objections raised at sentencing were raised generally pursuant to *United States v. Booker,* 543 U.S. 220 (2005), with respect to enhancements under U.S.S.G. § 2B5.1(b)(1)(C) regarding the amount of loss and § 2B5.1(b)(5) because part of the offense was allegedly committed outside the United States. (Filing No. 38, at 27-28; Filing No. 22, ¶¶ 39, 40.) The Eighth Circuit stated: "Okai raised generalized constitutional objections to the sentencing enhancements. However, Okai made no objections to the specific facts supporting each respective enhancement and, therefore, "[b]y not objecting to the PSR's factual allegations, [Okai] has admitted them." *Okai,* 454 F.3d at 853. In contrast, in the instant case, defense counsel has complied with the Order on Sentencing Schedule in all respects and filed written objections initially to the probation officer and with the Court. (PSR, Addendum; Filing Nos. 21, 22.)

In *Cullen,* the defendant objected to the role enhancement. The circuit court stated that he did not object to factual allegations in the PSR, and he did not argue on appeal that the facts in the PSR do not support the enhancement. *Cullen,* 432 F.3d at 905. The sentence was vacated and the case was remanded for resentencing. *Id.* at 906.

---

Michael Maloney entered his appearance on behalf of the Defendant. (Filing No. 31.) Michael Wellman represented the government in *Okai* and represents the government in the instant case.

[2]The Court notes that the parties discussed their disagreement as to the loss amount at the change-of-plea hearing before the Honorable Joseph Bataillon. However, objections were not submitted to the probation officer as required by ¶ 4 of the Order on Sentencing Schedule, apparent because of the lack of an Addendum to the PSR in which those objections would have been discussed. (Filing Nos. 18, 22.) Also, objections were not filed with the Court as required by ¶ 6 of the Order on Sentencing Schedule. (Filing No. 22.)

Turning to the instant case, the government argues that the Defendant did not object to ¶¶ 14-19 of the PSR, which constitute the government's version of the offense. It appears that the relevant portions in the government's version of the offense relate to a victim/witness's statement. The Defendant's argument, specifically referencing ¶ 28 (application of the enhancement to the offense level) of the PSR, is that the allegations of a first degree assault that led to the federal arrest "are not supported by independent, reliable evidence."[3] The objections continue to explain why, in the defense's view, at most the additional offense could be considered a misdemeanor. (Filing No. 21.) The Defendant also filed a brief in support of the objections, elaborating on the argument raised in the objections. The brief also states that "even if all facts asserted in the prosecution's version are true," Thomas did not possess a weapon in connection with a felony offense. (Filing No. 22.)

Clearly, if a defendant does not object to factual allegations in a PSR the facts are deemed admitted. However, defense counsel adequately objected to the facts alleged in the PSR that support the application of the enhancement in question. The Defendant's objections and supporting brief included his objections to the underlying facts alleged in the PSR. Had defense counsel specifically referenced ¶¶ 14-19 of the PSR, the Tentative Findings would have stated that the Court is not at liberty to change the government's

---

[3]The relevant guideline section imposes an enhancement pursuant to U.S.S.G. § 2K2.1(b)(6), which provides that the enhancement applies if a defendant used or possessed a firearm, or possessed or transferred a firearm, with knowledge, intent or reason to believe that the firearm would be used or possessed in connection with another felony offense.

version of the offense, in particular a victim/witness's statement. Certainly, *Okai*[4] is distinguishable as the record shows that no written objections to the PSR were filed as required.

## CONCLUSION

At the sentencing hearing, the burden is on the government to prove the enhancement by a preponderance of the evidence. If the parties require more than 60 minutes for the entire sentencing hearing, they should contact Edward Champion immediately and request an oral continuance of the hearing.

DATED this 1st day of October, 2007.

BY THE COURT:

S/Laurie Smith Camp
United States District Judge

---

[4] *Okai* is of primary interest because of the Court's ability to the view the procedural history at the district court level.